UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY

3:02cv02093 (AVC). January 13, 2003. This is a petition for writ of habeas corpus. The petitioner, Nata S. Bob, is a 47 year old citizen of Gambia who entered the United States in 1993 on a visitor's visa. He thereafter unlawfully overstayed his visa and, in 1994, he fathered a son with woman of U.S. citizenship, whom he later married. In 1998, Connecticut law enforcement authorities arrested the petitioner on charges of threatening his spouse and violating a protective order. He was later found guilty of these offenses and sentenced to 1 year imprisonment with execution suspended and 2 years probation. In April 2000, Connecticut law enforcement authorities arrested the petitioner for assault. In February 2001, the petitioner was found guilty of violating an order of probation and his probation was revoked. The petitioner thereafter divorced his wife. In May 2002, the petitioner was transferred to INS custody for purposes of removal. The petitioner thereafter sought asylum in the United States, arguing that he would be tortured as a dissident if removed to Gambia, and that he needed to remain in the United States in order to support his son. On June 26, 2002, an immigration judge held a removal/asylum hearing. The judge concluded that the record was insufficient to support a finding that the petitioner would be persecuted if returned to Gambia, and therefore denied the application for asylum and ordered the petitioner removed. The petitioner thereafter appealed the decision to the Board of Immigration Appeals ("BIA), arguing that the immigration judge erred in denying the petition for asylum and that, in any event, an order removing him to Gambia would cause hardship to his U.S. born son. The BIA rejected these arguments and affirmed the immigration judge. On November 26, 2002, the petitioner filed the present application, arguing that the BIA has unconstitutionally ordered him removed and abused its discretion in rejecting his claim that his removal would cause hardship to this son. The court cannot agree. For substantially the same reasons set forth by the government in its March 12, 2002 response, the court concludes that it does not have jurisdiction to hear this matter and that, in any event, the petition is without merit. The petition is therefore DENIED.

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.