D. Conn. /New Haven
02-cv-2093
Covello, J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 19th day of November two thousand four,

Present:

    Hon. Pierre N. Leval,
    Hon. Chester J. Straub,
    Hon. Sonia Sotomayor,
        *Circuit Judges.*



---

Nata S. Bob,

        Plaintiff-Appellant,

v.                                                                          04-0487-pr

Immigration and Naturalization Service, *et al.*,
        Defendants-Appellees.

---

Appellant, *pro se*, moves for a certificate of appealability, in his appeal from a district court order denying his 28 U.S.C. § 2241 petition, requesting that this Court: (1) "review ... case"; (2) "reverse lower court decision"; (3) compel the appellees to submit documentary evidence of a "request letter and [his] son's birth certificate to INS Office in INS file; (4) "reinstate relief[] sought (212h) (212c) in request letter to INS Office"; and (5) "terminate proceedings and order INS release appellant immediately from custody." Upon due consideration, it is ORDERED that the motion for a certificate of appealability is DENIED as unnecessary, because, by the terms of 28 U.S.C. 2253(c)(1), the certificate of appealability requirement does not apply to an order denying a § 2241 petition. *See Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999). It is further ORDERED that the appellant's requests for other forms of relief are DENIED and the appeal is DISMISSED as frivolous, because it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Sol v. INS*, 274 F.3d 648, 651 (2d Cir. 2001) (holding that the scope of habeas review under § 2241, in an immigration context, is narrow and limited to questions of pure law or statutory interpretation). Even if the § 2241 petition is construed as a petition for review, the petition is without merit.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: _____

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK
/s/ Yolanda Siders
NOV 19 2004
USCA WJE

_ISSUED AS MANDATE: FEB 7 2005

D. Conn. /New Haven
02-cv-2093
Covello, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 19th day of November two thousand four,

Present:
    Hon. Pierre N. Leval,
    Hon. Chester J. Straub,
    Hon. Sonia Sotomayor,
        *Circuit Judges.*

---

Nata S. Bob,

        Plaintiff-Appellant,

v.                              04-048

Immigration and Naturalization Service, *et al.*,
        Defendants-Appellees.

---

Appellant, *pro se,* moves for a certificate of appealability, in his appeal from a district court order denying his 28 U.S.C. § 2241 petition, requesting that this Court: (1) "review ... case"; (2) "reverse lower court decision"; (3) compel the appellees to submit documentary evidence of a "request letter and [his] son's birth certificate to INS Office in INS file; (4) "reinstate relief[] sought (212h) (212c) in request letter to INS Office"; and (5) "terminate proceedings and order INS release appellant immediately from custody." Upon due consideration, it is ORDERED that the motion for a certificate of appealability is DENIED as unnecessary, because, by the terms of 28 U.S.C. 2253(c)(1), the certificate of appealability requirement does not apply to an order denying a § 2241 petition. *See Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999). It is further ORDERED that the appellant's requests for other forms of relief are DENIED and the appeal is DISMISSED as frivolous, because it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Sol v. INS*, 274 F.3d 648, 651 (2d Cir. 2001) (holding that the scope of habeas review under § 2241, in an immigration context, is narrow and limited to questions of pure law or statutory interpretation). Even if the § 2241 petition is construed as a petition for review, the petition is without merit.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*